Henry F. Bailey, Jr. #5-1681
BAILEY STOCK HARMON COTTAM LOPEZ LLP
6234 Yellowstone Road
P.O. Box 1557
Cheyenne, WY 82003
307-638-7745
hank@performance-law.com

**FILED**

DEC 29 2023

DIANE SANCHEZ
CLERK OF THE DISTRICT COURT

## IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

## STATE OF WYOMING, COUNTY OF LARAMIE

| | |
|---|---|
| PFL PETROLEUM SERVICES LIMITED,<br>A Florida Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS W. WOOD and CHRISTOPHER WOOD<br><br>Defendants. | Docket No. 2023-CV-0202010 |

### COMPLAINT

Plaintiff, PFL PETROLEUM SERVICES LIMITED ("PFL'), a Florida limited partnership, by and through its undersigned counsel, for its claims against Defendants, THOMAS W. WOOD, and CHRISTOPER WOOD, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, PFL PETROLEUM SERVICES LIMITED ("PFL" or "Plaintiff") is a Florida limited partnership with its principal offices and place of business at 1865 Veterans Park Drive, Suite 303, Naples, Collier County, Florida.

2. Defendant, THOMAS W. WOOD, is an adult individual with an address at 6929 S. Chaparral Circle East, Centennial, CO 80016.

3. Defendant, CHRISTOPHER WOOD, is an adult individual with an address of 6630 Newton Court, Arvada, CO 80003.

*Complaint*
1

EXHIBIT A

4. Jurisdiction is proper in this Court because the dispute arises out of Defendants' fraudulent inducement to procure Plaintiff's investment in First Flare and Repair LLC, a Wyoming limited liability company (hereinafter "First Flare").

5. Curtis Chandler is the majority owner of Plaintiff, PFL, and is a managing member of First Flare.

6. Defendant, THOMAS WOOD, is a managing member of First Flare.

7. Defendant, CHRISTOPHER WOOD is a beneficial owner of First Flare and is a co-conspirator in the fraud perpetrated on Plaintiff.

8. The individual Defendants are subject to the personal jurisdiction of the District Court, First Judicial District, by virtue of their voluntary membership in a Wyoming limited liability company and for their conduct in relationship thereto.

9. This is an action for damages which exceed $50,000.00, exclusive of interest, costs and attorneys' fees.

## NATURE OF FIRST FLARE'S BUSINESS AND PFL'S ACQUISITION OF 50% OF FIRST FLARE AND REPAIR

10. Plaintiff, on or about December 7, 2021, purchased fifty percent (50%) of First Flare.

11. Plaintiff is a company that deals in railcar services, which includes but is not limited to, railcar storage, leasing, cleaning, repairing, and scrapping throughout the United States.

12. First Flare specializes in mobile railcar repairs and flaring.

13. On or about December 7, 2021, PFL purchased a 50% equity interest of First Flare for $550,000.00 plus the right to use of PFL equipment.

14. Pursuant to paragraph 6.1 of the Operating Agreement PFL's owner, Curtis Chandler, and Defendant Thomas W. WOOD were and are First Flare's Managers.

15. The day-to-day management of the Company is performed by or at the direction of the Managers and the Managers have full power and authority to deal with all matters relating to the Company.

## GENERAL FACTUAL ALLEGATIONS

16. Prior to Plaintiff's purchase of its interest in First Flare, Defendants represented to PFL that First Flare possessed both C5 and C6 licensing, which authorizes First Flare to flair recondition/repair tank cars and service equipment for use in interstate commerce and otherwise.

17. One of Plaintiff's main reasons for purchasing an interest in First Flare was the representation that First Flare had C5 and C6 licensing, which is difficult, time consuming and costly to obtain.

18. Defendants represented to Plaintiff that First Flare had its C5 and C6 license/certificate.

19. In fact, Defendants, by and through the First Flare website, continue to represent that they have C5 and C6 licensing.

20. All the while, First Flare did not have and did not have on the acquisition date, its C5 certification, and Defendants knew First Flare did not have C5 licensing. Moreover, Defendants knew Plaintiff was relying on the representation that First Flare had C5 licensing in its decision to purchase an interest in First Flare.

## COUNT I
## FRAUDULENT MISREPRESENTATION
## (AS TO ALL DEFENDANTS)

21. Plaintiff, PFL, re-alleges the allegations contained in paragraphs 1 through 20 above as if fully incorporated herein.

22. This is an action against Defendants individually.

*Complaint*
3

EXHIBIT A

23. As Sellers, Defendants represented to Plaintiff that First Flare had its C5 licensing for reconditioner/repair and qualification of tank car service equipment and Defendants intended Plaintiff to rely upon the representation.

24. Plaintiff reasonably relied on this representation and purchased 50% of First Flare for $550,000.00 based on said representation.

25. Shortly after the purchase of its 50% interest, Plaintiff learned that Defendants had actually allowed First Flare's certification/licensing to lapse or otherwise relinquished said license prior to Plaintiff's purchase.

26. Defendants misrepresented a material fact to Plaintiff, to wit: that First Flare had its C5 licensing/certification when it in fact did not. The lack of C5 licensing materially and adversely impacts First Flare's ability to do certain specific business in the rail industry.

27. As a result of the fraud perpetrated by Defendants, Plaintiff has suffered substantial economic loss for which compensatory damages should be awarded in an amount to be more specifically proven at trial.

### COUNT II.
### CIVIL CONSPIRACY
### (AS TO ALL DEFENDANTS)

28. Plaintiff, PFL, re-alleges the allegations contained in paragraphs 1 through 27 above as if fully incorporated herein and further states as follows:

29. The individual Defendants, acting individually and in combination with each other, intended to and did in fact defraud Plaintiff as hereinabove alleged and had a meeting of the minds as to how to accomplish the fraud and conspired to commit the fraud.

EXHIBIT A

30. As a direct result of the aforementioned wrongful and unlawful conduct, Plaintiff has been damaged in the amount to more specifically proven at trial but exceeding the jurisdictional minimum of the District Court.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendants for damages, including pre and post judgment interest, fees, costs and expenses, including reasonable attorneys' fees to the extent permitted under law, and such other relief that this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues and matters so triable by right to a jury.

DATED this 29 day of December, 2023.

BAILEY | STOCK | HARMON | COTTAM | LOPEZ LLP

_____
Henry F. Bailey, Jr.
6234 Yellowstone Road
P. O. Box 1557
Cheyenne, WY 82003
Telephone: (307) 638-7745
Fax: (307) 638-7749
*Attorney for the Plaintiff*